

**Entered on Docket**
**April 26, 2011**

_____
Hon. Linda B. Riegle
**United States Bankruptcy Judge**

KATHLEEN A. LEAVITT
CHAPTER 13 BANKRUPTCY TRUSTEE
201 Las Vegas Blvd South, Suite 200
Las Vegas, NV 89101
(702) 853-0700
kal13mail@las13.com

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEVADA**

CHAPTER 13
CASE NO: BKS-10-19365-LBR

IN RE:
MERLITA M BUEN

Hearing Date: April 07, 2011
Hearing Time: 1:30 pm

**ORDER CONFIRMING CHAPTER 13 PLAN**

The confirmation of the Debtor's Plan and the allowance of Debtor attorney fees, having come on for hearing before the United States Bankruptcy Court, and there appearing the Chapter 13 Trustee or designee and other appearances were _____
and with good cause appearing, it is hereby

ORDERED that any Objections to Confirmation have been resolved, and it is further

ORDERED that the Court finds that Debtor(s) have filed all documentation required by 11 U.S.C. § 521(a)(1) and requirements for Confirmation pursuant to 11 U.S.C §1325 have been met; and it is further

ORDERED that the CHAPTER 13 PLAN # 7 , attached hereto, is confirmed; it is further

ORDERED that, pursuant to 11 U.S.C. § 330, the fees in the amount of $6,073.00 of which $2,000.00 was paid to such attorney prior to the filing of the petition and the balance of $4,073.00 which shall be paid by the Trustee pursuant to the Plan, shall be ☒ approved, or ☐ approved after a separate notice and hearing.

Submitted by:

Approved/Disapproved: _____

/s/Kathleen A. Leavitt
CHAPTER 13 BANKRUPTCY TRUSTEE

_____
HAINES & KRIEGER L.L.C.
1020 Garces  Ste 100,
Las Vegas, NV  89101

| | |
|---|---|
| Debtor Attorney | **David Krieger, Esq.** |
| Nevada Bar No. | **9086** |
| Attorney Firm Name | **HAINES & KRIEGER, LLC** |
| Address | **1020 Garces Ave.  Suite 100** |
| City, State Zip Code | **Las Vegas, NV 89101** |
| Phone # | **(702) 880-5554** |
| Pro Se Debtor | |

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEVADA

In re:                                               )    BK - S -    **10-19365**
Debtor:  **Merlita M Buen**                          )    Judge:    **LBR**              Trustee:  **Leavitt**
Last four digits of Soc. Sec. No.:  **xxx-xx-1696**  )    CHAPTER 13 PLAN #    **7**
                                                     )    Plan Modification   ☐NA   ☒ Before Confirmation   ☐ After Confirmation
Joint Debtor:                                        )    Pre-Confirmation Meeting:
Last four digits of Soc. Sec. No.:                   )    Date:   **03/01/2011**          Time:   **8:30 AM**
                                                     )    Confirmation Hearing:
                                                     )    Date:   **03/01/2011**          Time:   **1:30 PM**

### CHAPTER 13 PLAN AND PLAN SUMMARY
### OF INTEREST RATES AND PLAN SUMMARY
☒ MOTION(S) TO VALUE COLLATERAL   ☒ MOTION(S) TO AVOID LIENS
*[Check if motion(s) will be filed]*

YOU ARE HEREBY NOTIFIED THAT THIS PLAN AND THESE MOTIONS, IF APPLICABLE,  WILL BE CONSIDERED FOR APPROVAL AT THE CONFIRMATION HEARING DATE SET FORTH ABOVE. THE FILING AND SERVING OF WRITTEN OBJECTIONS TO THE PLAN AND MOTIONS SHALL BE MADE IN ACCORDANCE WITH BR 3015(f) & 9014 AND LR 9014(e).

DEBTOR PROPOSES THE FOLLOWING CHAPTER 13 PLAN WITH DETERMINATION OF INTEREST RATES WHICH SHALL BE EFFECTIVE FROM THE DATE IT IS CONFIRMED.

**Section I. Commitment Period and Calculation of Disposable Income, Plan Payments, and Eligibility to Receive Discharge**

**1.01 Means Test** - Debtor has completed Form B22C – Statement of Current Monthly income and Calculation of Commitment Period and Disposable Income.

**1.02 Commitment Period** - The applicable commitment period is ☒ 3 years or ☐ 5 years. Monthly payments must continue for the entire commitment period unless all allowed unsecured claims are paid in full in a shorter period of time, pursuant to §1325(b)(4)(B). If the applicable commitment period is 3 years, Debtor may make monthly payments beyond the commitment period as necessary to complete this plan, but in no event shall monthly payments continue for more than 60 months.

**1.03 Commitment Period and Disposable Income**
☒ The Debtor is  under median income.   ☐ The Debtor is  over median income.

**1.04 Liquidation Value Pursuant to §1325(a)(4)**
Liquidation value is calculated as the value of all excess non-exempt property after the deduction of valid liens and encumbrances and before the deduction of trustee fees and priority claims. The liquidation value of this estate is:  **749.00** . The liquidation value is derived from the following non-exempt assets (describe assets):  **Montero** .

**1.05 Projected Disposable income** - The Debtor(s) does propose to pay all projected disposable income for the applicable commitment period pursuant to §1325(b)(1)(B).

**1.06** The Debtor(s) shall pay the greater of disposable income as stated in 1.03 or liquidation value as stated in 1.04.

**1.07 Future Earnings** The future earnings of Debtor shall be submitted to the supervision and control of Trustee as is necessary for the execution of the plan.

**1.08 MONTHLY PAYMENTS:**
a. Debtor has paid to the trustee the sum of $ **7,478.00**  as of  **04/06/2011** . Totaling $**7,478.00**
b. Monthly payments shall increase or decrease as set forth below:
           The sum of $ **315.00**  for **28**  (# of months) commencing  **11/20/2010** . Totaling  **$8,820.00**
           The sum of $__  for __ (# of months) commencing __. Totaling __

**1.09 OTHER PAYMENTS** - In addition to the submission of future earnings, Debtor will make non-monthly payment(s) derived from property of the bankruptcy estate or property of Debtor, or from other sources, as follows:

| Amount of payment | Date | Source of payment |
|---|---|---|
| $ | | |
| $ | | |
| $ | | |

**1.10 TOTAL OF ALL PLAN PAYMENTS INCLUDING TRUSTEE FEES =**                    16.298.00

**1.11 Trustees fees** have been calculated at 10% of all plan payments which totals = __1,629.80__   This amount is included in 1.10 above.

**1.12 Tax Refunds** - Debtor shall turn over to the Trustee and pay into the plan annual tax refunds for the tax years:
       __2010 (non-exempt portion), 2011, 2012__

**1.13 ELECTION TO PAY 100% OF ALL FILED AND ALLOWED GENERAL NON-PRIORITY UNSECURED CLAIMS**
a.     ☐ 100% of all filed and allowed non-priority claims shall be paid by Trustee pursuant to this Plan.
b.     ☐ General unsecured creditors will be paid interest at the rate of __%. [Check this box and insert the present value rate of interest
       - if debtors estate is solvent under §1325(a)(4).]

**1.14 Statement of Eligibility to Receive Discharge**
a. Debtor,  __Merlita M Buen__  **is eligible** to receive a Chapter 13 discharge pursuant to §1328 upon completion of all plan obligations.
b. Joint Debtor, __ **is eligible** to receive a Chapter 13 discharge pursuant to §1328 upon completion of all plan obligations.

**Section II. Claims and Expenses**

**A. Proofs of Claim**

**2.01** A Proof of Claim must be timely filed by or on behalf of a priority or general non-priority unsecured creditor before a claim will be paid pursuant to this plan.

**2.02** A CLASS 2A  Secured Real Estate Mortgage Creditor shall be paid all post-petition payments as they become due whether or not a Proof of Claim is filed.  The CLASS 2B secured real estate mortgage creditor shall not receive any payments on pre-petition claims unless a Proof of Claim has been filed.

**2.03** A secured creditor may file a Proof of Claim at any time. A CLASS 3 or CLASS 4 secured creditor must file a Proof of Claim before the claim will be paid pursuant to this Plan.

**2.04** Notwithstanding Section 2.01 and 2.03, monthly contract installments falling due after the filing of the petition shall be paid to each holder of a CLASS 1 and CLASS 6 secured claim whether or not a proof of claim is filed or the plan is confirmed.

**2.05** Pursuant to §507(a)(1), payments on domestic support obligations (DSO) and payments on loans from retirement or thrift savings plans described in §362(b)(19) falling due after the filing of the petition shall be paid by Debtor directly to the person or entity entitled to receive such payments whether or not a proof of claim is filed or the plan is confirmed, unless agreed otherwise.

**2.06** A Proof of Claim, not this plan or the schedules, shall determine the amount and the classification of a claim. Pursuant to §502(a) such claim or interest is deemed allowed unless objected to and the Court determines otherwise.

**a. Claims provided for by the plan** – If a claim is provided for by this plan and a Proof of Claim is filed, payments shall be based upon the claim unless the Court enters a separate Order otherwise determining (i) value of the creditors collateral; (ii) value of interest; (iii) avoidance of a lien;  (iv) amount of claim or (v) classification of a claim. If interest is required to be paid on a claim, the interest rate shall be paid in accordance with the Order Confirming Chapter 13 Plan or such other Order of the Court which establishes the rate of interest.

**b. Claims not provided for by the plan** – If a claim is not provided for by this plan and a Proof of Claim is filed, no payment will be made to the claimant by the Trustee or the Debtor until such time as the Debtor modifies the plan to provide for payment of the claim. Such claim or interest is deemed allowed unless objected to and the Court determines otherwise. If no action is taken by the Debtor, the Trustee may file a Motion to Dismiss the case or a Trustee's Modified Plan.

**B. Fees and Administrative Expenses**

**2.07 Trustee's fees** - Trustee fees shall be calculated at 10% of payments made under the Plan, whether made before or after confirmation, but excluding payments made directly by Debtor, as provided for by the plan, to CLASS 1, CLASS 2, or CLASS 6 creditors or pursuant to an executory contract or unexpired lease.

**2.08 Compensation of Former Chapter 7 Trustee** Payment of compensation of the type described in §1326(b)(3) shall be limited to the greater of $25, or 5% of the amount payable to non-priority unsecured creditors divided by the length of the plan, each month for the duration of the plan.

| Trustee's Name | Compensation |
|---|---|
| -NONE- | |

**2.09 Administrative expenses other than Trustee's fees and Debtor's attorney's fees** - Except to the extent the claimant agrees to accept less, and unless §1326(b)(3)(B) is applicable, approved administrative expenses other than Trustee's fees and Debtor's attorney's fees shall be paid in full.

| Creditor's Name | Services Provided | Amount Owed |
|---|---|---|
| **HAINES & KRIEGER LOAN MODIFICATIONS, LLC**<br><br>**(C/O TRUST ACCOUNT)** | **LOAN MODIFICATION SERVICES FOR DEBTOR'S RESIDENCE;**<br><br>**In the event these services are not completed (or funds received to provide these services are not earned) any funds for unearned or unperformed services (as defined by NRS 645F) shall be turned over to the Chapter 13 trustee. This includes fees received for cases which result in mediation.**<br><br>See Section 6.03(e), 'Trustee Reserve Funds'" | **$3,500**<br><br>**(as governed by NRS 645F)** |

**2.10 Administrative Expenses - DEBTOR'S ATTORNEY'S FEES** - The Debtor's attorney fees, costs, and filing fees in this case through Confirmation of the plan shall be the sum of the following:

| | |
|---|---|
| Basic chapter 13 services | $ 5,074.00 |
| Uncontested motion to avoid a second mortgage lien | $ 999.00 |
| Total Compensation: | $ 6,073.00 |

The sum of $ **2,000.00** has been paid to the attorney prior to filing the petition. The balance of $ **4,073.00** shall be paid through the plan. If fees and costs stated above are in excess of 16 Hours X **300.00 + strip off motion** (Insert Attorney's Billable Hourly Rate) + **274.00** (Filing Fee) + **0.00** (Costs) = **6,073.00** (TOTAL), such fees and costs must be approved by the Court. However, all fees are subject to review and approval by the Court. The attorney's fees paid through the plan shall be paid (check one) ☐ in accordance with Section 4.02 or ☐ a monthly payment of $___ commencing ___. It is contemplated that the Debtor(s) will continue to utilize the services of their attorney through the completion of the plan or until the attorney is relieved by Order of the Court. Debtor may incur additional attorney's fees post-confirmation estimated in the amount of $ **0** . Such additional estimated attorney's fees are included in this plan for payment by the Trustee and do not render the plan infeasible. Any additional attorney's fees and costs after confirmation must be paid through the plan after approval of the Court. [Trustee Pays]

**C. Secured Claims**

**2.11 CLASS 1 Secured claims for real estate loans and/or real property taxes that were current when the petition was filed.** - At the time of the filing of the petition, Debtor was current on all CLASS 1 claims. Debtor shall pay the ongoing contract installment payment on each CLASS 1 claim for real estate loans and/or real property taxes due after the filing of the petition as listed below. **[Debtor Pays]**

| Creditor's Name / Collateral Description | Installment Payment | Interest Rate | Maturity Date |
|---|---|---|---|
| -NONE- | | | |

**2.12 CLASS 2 - Secured claims for real estate loans and/or real property taxes that were delinquent when the petition was filed** - The monthly contract installment payment on each CLASS 2A claim for real estate loans due after filing of the petition shall be paid as designated below. The Debtor shall pay directly all post-petition real estate taxes not otherwise paid by the real estate loan creditor. Trustee shall pay all CLASS 2C pre-petition arrearage claim for real estate taxes prior to CLASS 2B payment on pre-petition arrearage claims on real estate loans. CLASS 2 claims are not modified by this plan and the creditor shall retain its existing lien until paid in full.

**2.12.1 CLASS 2A - Secured Real Estate Mortgage - Post Petition monthly contract installment payments**

Post-Petition monthly contract installment payments shall be paid by the Trustee or Debtor as designated below. If the Trustee is designated, then: (a) the Trustee shall make monthly post-petition contract installment payments on claims as they come due. (b) The first monthly contract installment payment due after the filing of the petition shall be treated and paid in the same manner as a pre-petition arrearage claim unless agreed otherwise. (c) If Debtor makes a partial plan payment that is insufficient to pay all monthly contract installment payments due, these installments will be paid in the order listed below. (d) Trustee will not make a partial payment on a monthly contract installment payment. (e) If Debtor makes a partial plan payment, or if it is not paid on time and Trustee is unable to pay timely a monthly contract installment payment due on a CLASS 2A claim. The Debtor's cure of this default must be accompanied by any applicable late charge. (f) Upon receipt, Debtor shall mail or deliver to Trustee all notices from CLASS 2A creditors including, without limitation, statements, payment coupons, impound and escrow notices, default notifications, and notices concerning changes of the interest rate on variable interest rate loans. The automatic stay is modified to permit the sending of such notices. Prior to mailing or delivering any such notice to the Trustee, Debtor shall affix the Chapter 13 case number to it. If any such notice informs Debtor that the amount of the monthly contract installment payment has increased or decreased, Debtor shall increase or decrease, as necessary, the plan payment to the Trustee without modification of this plan.

| Creditor's Name / Collateral Description | Installment Payment | Interest Rate | Maturity Date | Post-petition Payments Paid By: | If Trustee, # of Months through Plan |
|---|---|---|---|---|---|
| Homeq Single Family Home 10091 Edwardian Street Las Vegas, NV 89183 | $1390.14 Trial Period Payment | Contract | | Debtor to make trial period payments direct to lender. | |

**2.12.2 CLASS 2B - Secured Real Estate Mortgage - Pre-Petition Claim. [Trustee Pays]**

| Creditor's Name / Collateral Description | Interest Rate If Applicable | Pre-petition Arrearage | Grand Total |
|---|---|---|---|
| Homeq Single Family Home 10091 Edwardian Street Las Vegas, NV 89183 | | 4,998.00 | 0.00 Arrears to be recapitalized in final loan modification agreement. |

**2.12.3 CLASS 2C - Pre-petition claim on real property taxes, homeowners association, and public utilities. [Trustee Pays]**

| Creditor's Name / Collateral Description | Interest Rate If Applicable | Pre-petition Arrearage | Grand Total |
|---|---|---|---|
| -NONE- | | | |

**2.13 CLASS 3 - Secured claims that are modified by this plan or that have matured or will mature before the plan is completed**

- Each CLASS 3 claim will be paid in full by the Trustee. The creditor shall retain its existing lien and receive payments in equal monthly amounts as specified below. The monthly payments may increase or decrease after a specified number of months as stated below. This section shall be used to specify **Adequate Protection Payments**. A CLASS 3 claim shall be the amount due under any contract between Debtor and the claimant or under applicable non-bankruptcy law, or, if §506(a) is applicable, the value of the collateral securing the claim, whichever is less. Section 506(a) is not applicable if the claim is secured by a purchase money security interest and (a) was incurred within 910 days of the filing of the petition and is secured by a motor vehicle acquired for the personal use of Debtor, or (b) the claim was incurred within 1 year of the filing of the petition and is secured by any other thing of value. **[Trustee Pays]**

**2.13.1 CLASS 3A - Secured Claims Paid Based on a Proposed §506(a) Collateral Valuation or by Agreement. [Trustee Pays]**

| Creditor's Name / Collateral Description | Claim Amount | Fair Market Value | Interest Rate | Number of Monthly Payments | Total Interest to be paid | Monthly Payments | Start Date | Grand Total Paid by Plan |
|---|---|---|---|---|---|---|---|---|
| ASAP 2004 Toyota 4runner | 15,000.00 | 4,000.00 | 6.5 | 36 | 413.60 | 122.60 | month 1 | 4,413.60 |

**2.13.2 CLASS 3B - Secured Claims Modified and Paid in Full (§506 does not apply)**
**§1325(a) - Modification of 910 Day Motor Vehicle Claim / 1 Year Personal Property Claim / Secured Tax Liens / Other [Trustee Pays]**

| Creditor's Name / Collateral Description | Claim Amount | Interest Rate | Number of Monthly Payments | Total Interest to be paid | Monthly Payments | Start Date | Grand Total Paid by Plan |
|---|---|---|---|---|---|---|---|
| -NONE- | | | | | | | |

**2.13.3 CLASS 3C - Debtor(s) offer to modify a 910- Day PMSI motor vehicle or personal property purchase within 1 year period or any other thing of value** - Unless Creditor affirmatively accepts the offer by the time of the Confirmation Hearing, Debtor shall surrender the collateral within 10 days after the confirmation hearing in full satisfaction of the debt. **[Trustee Pays]**

| Creditor's Name / Collateral Description | Claim Amount | Debtor's Offer To Pay on Claim | Debtor's Offer Interest Rate | Number of Monthly Payments | Total Interest to be paid | Proposed Monthly Payment | Start Date | Grand Total Paid by Plan |
|---|---|---|---|---|---|---|---|---|
| -NONE- | | | | | | | | |

**2.14 CLASS 4 - Secured claims for personal property that were delinquent when the petition was filed including 910-Day PMSI motor vehicle or any other thing of value if debt was incurred within 1 year of filing.** CLASS 4 claims are not modified by this plan and may mature before or after the last payment under the plan. Debtor or a third party shall pay the monthly contract installments on CLASS 4 claims as they come due whether or not the plan is confirmed and such payment shall constitute adequate protection as required by §1326(a)(1)(C). Trustee shall pay each CLASS 4 pre-petition claim for arrears. Creditor shall retain its existing lien. **[Trustee Pays Delinquency/Debtor Pays Post-Petition]**

| Creditor's Name / Collateral Description | Claim Amount | Monthly Contract Payment | Months Remaining in Contract | Pre-petition arrears | Interest Rate | Total Interest | Grand Total |
|---|---|---|---|---|---|---|---|
| Toyota Motor 2006 Toyota Corolla Paid for and in possession of Debtor's son | 8,968.88 | 466.00 | | 927.00 | | | 927.00 |

**2.15 CLASS 5 - Secured claims satisfied by the surrender of collateral** - As to personal property secured claims, Debtor shall surrender the collateral to the creditor not later than 10 days after confirmation of this plan. As to real property secured claims, the entry of the confirmation order shall constitute an order modifying the automatic stay to allow the holder of a CLASS 5 secured claim to exercise its remedies under applicable non-bankruptcy law.

| Creditor's Name / Collateral Description | Surrender in Full Satisfaction of Debt | If No, Estimated Deficiency |
|---|---|---|
| -NONE- | | |

**2.16 CLASS 6 -  Secured claims paid directly by Debtor or third party (other than ongoing real estate mortgage payments)** - CLASS 6 claims mature before or after the completion of this plan, are not in default, and are not modified by this plan which may include 910-Day motor vehicle claims and claims incurred within 1 year of filing the petition and secured by any other thing of value. These claims shall be paid by Debtor or a third person whether or not the plan is confirmed. **[Debtor Pays]**

| Creditor's Name / Collateral Description | Monthly Contract Installment | Maturity Date |
|---|---|---|
| American General Finance 2001 Montero | 250.00 | |

**D. Unsecured Claims**

**2.17 CLASS 7 - Priority unsecured claims pursuant to §507.**

**2.17.1 CLASS 7A - Priority unsecured claims being paid in full pursuant to §507. [Trustee Pays]**

| Creditor's Name | Describe Priority | Claim Amount | Interest Rate If Applicable | Total Interest To Be Paid | Grand Total |
|---|---|---|---|---|---|
| IRS | Taxes and certain other debts | 1,737.00 | 01. | | 1,737.00 |

**2.17.2 CLASS 7B - Priority unsecured claims pursuant to §507 and §1322(a)(2) and the holder of the claim agrees to a different treatment of the claim. [Trustee Pays]**

| Creditor's Name | Describe Priority | Original Claim Amount | Agreed Claim Amount | Interest Rate If Applicable | Total Interest To Be Paid | Grand Total |
|---|---|---|---|---|---|---|
| -NONE- | | | | | | |

**2.17.3 CLASS 7C - Priority unsecured claims pursuant to §507(a)(1)(B) and §1322(a)(4).** This class includes allowed unsecured Domestic Support Obligations appropriately assigned to a government unit whereby less than the full amount will be paid and the plan provides for all of Debtor's Projected Disposable Income for a 5 year period. **[Trustee Pays]**

| Creditor's Name | Claim Amount | Amount Paid Through Plan |
|---|---|---|
| -NONE- | | |

**2.18 CLASS 8 - §1305 Post-Petition Claims** - This class includes but is not limited to taxes that become payable to a governmental unit while the case is pending and/or consumer debt including delinquent Post-Petition Mortgage Payments. **[Trustee Pays]**

| Creditor's Name / Collateral Description (if applicable) | Claim Amount | Interest Rate | Interest To Be Paid | Penalties | Grand Total |
|---|---|---|---|---|---|
| -NONE- | | | | | |

**2.19 CLASS 9 - Special class unsecured claims** - This class includes unsecured claims, such as co-signed unsecured debts, that will be paid in full even if all other unsecured claims may not be paid in full.  This class may include §1328(a) Non-dischargeable Claims with payment of interest pursuant to §1322(b)(10) provided disposable income is available after making provision for full payment of all allowed claims. **[Trustee Pays]**

| Creditor's Name / Description of Debt | Claim Amount | Interest Rate | Number of Months | Monthly Payment | Start Date | Total Interest to be paid | Grand Total |
|---|---|---|---|---|---|---|---|
| -NONE- | | | | | | | |

**2.20 CLASS 10 - General non-priority unsecured claims** -  After payment to CLASS 9 Creditors, the Trustee will pay to the creditors with allowed general non-priority unsecured claims a pro rata share of approximately __1,130.00__ less debtor attorney fees.
In the event that Liquidation Value as stated in 1.04 is greater than Disposable Income as stated in 1.03, the approximate dollar amount to be paid to non-priority unsecured claims shall be greater than stated herein. **[Trustee Pays]**

## Section III. Executory Contracts and Unexpired Leases

**3.01** Debtor assumes or rejects the executory contracts and unexpired leases listed below. Debtor shall pay directly all required contractual post-petition payments on any executory contracts or unexpired lease that has been accepted. Any executory contract or unexpired lease not listed in the table below is rejected. Entry of the Confirmation Order modifies the automatic stay to allow the non-debtor party to a rejected unexpired lease to obtain possession of leased property pursuant to §365(p)(3).

| Lessor - Collateral Description | Accept / Reject | Monthly Contract Payment | Pre-Petition Arrears | Pre-petition Arrears Paid By | Interest Rate | Start Date | Total Interest Paid By Plan | Grand Total |
|---|---|---|---|---|---|---|---|---|
| -NONE- | | | | | | | | |

## Section IV. Payment of Claims and Order of Payment

**4.01** After confirmation of this plan, funds available for distribution will be paid monthly by Trustee to holders of allowed claims and approved expenses.

**4.02 Distribution of plan payment. (select one)**

☒ **a. Regular Distribution of Plan Payments** - Trustee shall pay as funds are available in the following order unless stated otherwise: Trustee's fees, monthly contract installments to CLASS 2A; adequate protection payments until confirmation; administrative expenses; CLASS 3, CLASS 2C, and CLASS 4 secured claims as provided for in the plan; CLASS 7 priority claims until paid in full; CLASS 8 §1305 post-petition claims; CLASS 2B arrearage claims; CLASS 9 special class unsecured claims; CLASS 10 general non-priority unsecured claims.

**OR**

☐ **b. Alternative Distribution of plan payments** - If the Regular Distribution of Plan Payments is not selected then this alternative distribution of plan payments shall be specifically set forth below in Section VI Additional Provisions and shall designate the order of payment as funds are available.

**4.03 Priority of payment among administrative expenses** - The portion of the monthly plan payment allocated in Section 4.02 for administrative expenses described in Sections 2.08, 2.09, and 2.10 shall be distributed first on account of the monthly dividend due to a former chapter 7 trustee pursuant to Section 2.08, then to holders of administrative expenses described in Sections 2.09 and 2.10 on a pro rata basis

## Section V. Miscellaneous Provisions

**5.01 Adequate protection payments** -  Prior to confirmation, Trustee shall pay on account of each allowed CLASS 3 claim secured by a purchase money security interest in personal property an adequate protection payment as required by §1326(a)(1)(C) commencing the month after the petition is filed provided that a Proof of Claim has been filed and payment has been provided for in this plan. Adequate protection payments shall be disbursed by Trustee in connection with the customary disbursement cycle beginning the month after the petition is filed. The Creditor shall apply adequate protection payments to principle and interest consistent with this plan.

**5.02. Post-petition interest** - Post-petition interest shall accrue on all Class 2, Class 3, and Class 4 claims at the rates stated herein except to the extent the Class 2B claim is for mortgage arrears on a loan incurred after October 22, 1994, unless the real estate contract provides otherwise, in which case interest will always be 0%. If the plan specifies a '0%' rate, no interest will be accrued. However, if the provision for interest is left blank, interest at the rate of 10% per annum will accrue. For Class 2A claims secured only by real property that is Debtor's principal residence, and for Class 3.B. claims that are not subject to §506(a) collateral valuation and secured by property with a value greater than is owed under any contract or applicable non-bankruptcy law, interest shall accrue from the petition date. All Class 3B and Class 3C and Class 4 secured claims shall accrue interest from the date the plan is confirmed unless otherwise ordered by the court.

**5.03 Vesting of property** - Any property of the estate scheduled under §521 shall revest in the Debtor upon confirmation. In the event the case is converted to a case under Chapter 7, 11, or 12 of the Bankruptcy Code or is dismissed, the property of the estate shall be determined in accordance with applicable law.

**5.04 Debtor's duties** - In addition to the duties imposed upon Debtor by the Bankruptcy Code and Rules, the Local Bankruptcy Rules, and the General Order, this plan imposes the following additional requirements on Debtor: **(a) Transfers of property and new debt.** Debtor is prohibited from transferring, encumbering, selling, or otherwise disposing of any personal property with a value of $1,000 or more or real property with a value of $5,000 or more without first obtaining court authorization. Except as provided in §364 and §1304, Debtor shall not incur aggregate new debt exceeding $1,000 without first obtaining court authorization. A new consumer debt of less than $1,000 shall not be paid through this plan absent compliance with §1305(c). **(b) Insurance.** Debtor shall maintain insurance as required by any law or contract and Debtor shall provide evidence of that insurance as required by §1326(a)(4). **(c) Compliance with applicable non-bankruptcy law.** Debtor's financial and business affairs shall be conducted in accordance with applicable non-bankruptcy law including the timely filing of tax returns and payment of taxes. **(d) Periodic reports.** The Debtor shall provide Trustee with a copy of any personal federal tax return filed while the case is pending accompanied by W-2 forms and 1099 forms. Upon Trustee's request, Debtor shall provide Trustee with other tax returns filed while the case is pending and quarterly financial information regarding Debtor's business or financial affairs. **(e) Documents required by Trustee.** In addition to the documents required by the Bankruptcy Code and Local Rules, the Debtor shall provide to Trustee not later than the first date set for the §341 meeting (1) written notice of the name and address of each person to whom the Debtor owes a domestic support obligation together with the name and address of the relevant State child support enforcement agency [see 42 U.S.C. §464 & §466], (2) a wage order if requested by Trustee, (3) a CLASS 2A Worksheet and Authorization to Release Information for each CLASS 2A claim, (4) IRS Form 8821 and IRS Form 4506. **(f) Documents required by Trustee prior to Discharge of Debtor.** Within 30 days of the completion of plan, the Debtor shall certify to the Court with a copy to the Trustee the following: (1) of the name and address of each person to whom the Debtor owes domestic support obligation at that time together with the name and of the relevant State child support enforcement agency [see 42 U.S.C. §464 & §466]; (2) current address of the Debtor; (3) name and address of Debtor's current employer; (4) name of each creditor whose claim was not discharged under 11 USC §523(a)(2); and/or (5) name of each creditor that was reaffirmed by the Debtor under §524(c); and (6) certificate of completion of an instructional course in Personal Financial Management.

**5.05 Remedies on default** - If Debtor defaults in the performance of this plan, or if the plan will not be completed in 60 months, Trustee or any other party in interest may request appropriate relief by filing a motion and setting it for hearing pursuant to LR 9014. This relief may consist of, without limitation, dismissal of the case, conversion of the case to chapter 7, or relief from the automatic stay to pursue rights against collateral. If, on motion of a creditor, the court terminates the automatic stay to permit a creditor to proceed against its collateral, unless the court orders otherwise, Trustee shall make no further distribution to such secured claim. *Any deficiency claim remaining after the disposition of the collateral shall be satisfied as a CLASS 10 unsecured claim provided a proof of claim or amended proof of claim is timely filed and allowed and served on Debtor and Trustee, except as may be provided in 2.15 CLASS 5. Such deficiency claim shall be paid prospectively only. Chapter 13 plan payments previously disbursed to holder of other allowed claims shall not be recovered by the trustee to provide a pro rata distribution to the holder of any such deficiency claim.*

**5.06 Creditors shall release lien on titles when paid pursuant to §1325(a)(5)(B)** - A holders of a claim shall retain its lien until the earlier of (a) the payment of the underlying debt determined under non-bankruptcy law or (b) discharge under Section §1328; and if the case under this chapter is dismissed or converted without completion of the Plan, such liens shall also be retained by such holder to the extent recognized by applicable non-bankruptcy law. After either one of the foregoing events has occurred, creditor shall release its lien and provide evidence and/or documentation of such release within 30 days to Debtor(s).

**5.07 Plan Payment Extension Without Modification** - If the Plan term does not exceed 60 months and CLASS 2B, CLASS 2C, CLASS 4, CLASS 7, CLASS 8, and CLASS 9 claims are filed in amounts greater than the amounts specifically stated herein, the Debtor _authorizes_ the Trustee to continue to make payments to creditors beyond the term of the Plan, such term not to exceed 60 months. The Debtor shall continue to make plan "payments until the claims, as filed, are paid in full or until the plan is otherwise modified.

## Section VI. Additional Provisions

**6.01 Other than to insert text into the designated spaces, to expand the tables to include additional claims, or to change the title to indicate the plan is an amended or modified plan, the preprinted language of this form has not been altered** - This does not mean that Debtor is prohibited from proposing additional or different plan provisions. As long as consistent with the Bankruptcy Code, Debtor may propose additional or different plan provisions or specify that any of the above provisions will not be applicable. Each such provision or deletion shall be set forth herein below or attached hereto as an exhibit and shall be identified by a section number (6.02, 6.03, etc.).

## Section VI. Additional Provisions (continued)

**6.02 Debtor(s) intend to avoid the following lien under 506(a):** US Bank.

**THIS IS A LOAN MODIFICATION PLAN. IF NO OBJECTION IS FILED BY THE MORTGAGE CREDITOR TO THE PROVISIONS SET FORTH BELOW DEBTOR WILL REQUEST THAT THIS PLAN BE CONFIRMED**

**6.03  Treatment of Mortgages Paid by Trustee in this Plan and "Trustee Reserve Funds"**

**A.  "TRUSTEE RESERVE FUNDS"**
1.  The "Trustee Reserve Funds" shall consist of plan payments paid by the Debtor to the Chapter 13 Trustee prior to confirmation of this Chapter 13 Plan. Upon confirmation of this Chapter 13 Plan, or other order of the Court, the Trustee shall disburse funds in the "Trustee Reserve Funds" in the following order:
    a.  First, to Creditors pursuant to the proposed Adequate Protection Payment set forth in Paragraph 6.02(B) below;
    b.  Second, to Creditors as Monthly Payments as set forth in Sections 2.13.1, 2.13.2 or 2.13.3 above.
    c.  Third, to the Chapter 13 Trustee for earned administrative expenses;
    d.  Fourth,  to Administrative fee claimants as defined in Section 2.09 above;
    e.  Fifth, to Administrative Expenses – DEBTOR'S ATTORNEY'S FEES as defined under Plan Section 2.10;
    f.  Sixth, pursuant to Section 4.02 above.
2.  Funds held as "Trustee Reserve Funds" shall not be used for any purpose other than those listed above in Paragraph "A".
3.  **"Unsecured Creditors" shall receive the exact amount specified in Plan Section 2.20 above in addition to any tax refunds provided for by this Chapter 13 Plan and may be paid to "Unsecured Creditors" upon receipt.**
4.  Upon completion of the instant Chapter 13 Plan, any funds remaining in "Trustee Reserve Account" shall be refunded to the Debtor.
5.  In the event Debtor obtains a loan modification with the Creditor identified in Section "2.12.1 CLASS 2A" above, Debtor shall apply to the Court for approval to enter into the modified loan agreement.  After such request for approval to enter into loan modification with Creditor is granted, this Chapter 13 Plan shall be amended prior to confirmation or modified after confirmation to reflect the final terms of such Loan Modification Agreement.
6.  In the event the Debtor is denied for a loan modification with lender, the Debtor shall, within 30 days, do one of the following:
    a.  Provide for the surrender the subject property;
    b.  Resubmit a new loan modification package to lender;
    c.  Convert this case to Chapter 7;
    d.  Provide for the curing of any post-petition arrears to lender;
    e.  Provide lender with a lump sum to cure post-petition arrears;
    f.  Submit an application under HAFA; or
    g.  Amend this Chapter 13 Plan as permitted under 11 U.S.C. Section 1301 et seq.
7.  The Trustee shall not disburse fees to HKLM pursuant to Section 2.09 above until such time as the Court approves a motion to employ HKLM and enters an Order approving the employment of HKLM and awarding fees to HLKM pursuant to such Motion. HKLM shall file an administrative claim after its application is approved by the Court before it can receive any payment.

8.  This Chapter 13 Plan was prepared in contemplation that the Chapter 13 Trustee's Compensation is established at 10%. From time to time the Trustee compensation on distributions is modified by the EOUST either upward or downward but never to exceed 10% at any point in time.
    a.  In an over median 60 month commitment period case, any difference in the reduction of the Trustee's compensation shall inure to the benefit of the Debtor. Any funds accumulated during the plan, after payments to secured, priority and unsecured creditors (as set forth in 2.20 and 6.02 A.3.), may be used by the Chapter 13 Trustee, at the Trustee's discretion, any time Debtor is delinquent or deficient on Plan payments.  Any funds accumulated at the conclusion of the case after completion of payments to secured, priority and unsecured creditors (as set forth in 2.20 and 6.02 A.3.) shall be refunded to the Debtor.

    b.  In an under median 36 month commitment period case, any reduction in Trustee's compensation shall inure to the benefit of the Creditors if the case is confirmed.

~~**B.**~~    ~~**ADEQUATE PROTECTION PAYMENTS**~~

    ~~1.  Debtor is attempting to obtain a loan modification with **(hereinafter "Creditor")**~~

    ~~2.  The Chapter 13 Trustee shall commence distributing Adequate Protection Payments as follows:~~

        ~~a.  On the first business day of the month following the date the Debtor's first payment becomes due under this Plan:~~

        ~~b.  Adequate Protection Payments shall be equal to 0.25% of the value of the Debtor's residence (based on the filing date of the Debtor's petition). The fair market value (FMV) of the Debtor's residence on the filing date was .~~

        ~~c.  Adequate Protection Payments to this lender shall be 0.25% x $ (FMV Residence) = $ (Adequate Protection Payments to lender) unless the payment amount is modified by Order of the Court.~~

        ~~d.  Adequate Protection Payments shall commence~~

        ~~e.  The Adequate Protection Payments set forth above **DOES NOT INCLUDE** escrow payments for real estate taxes, insurance or other expenses.~~

        ~~f.  These "Adequate Protection Payments" shall continue until:~~

            ~~i.  this Plan is confirmed at which time any accumulated Adequate Protection Payments will be paid in the first month of distribution. Thereafter Adequate Protection Payments will be paid in a like amount each month which shall continue until this Plan is modified or Debtor and lender enter into a Loan Modification Agreement with or without a Trial Payment Period. The subsequent Trial Payments shall become the superseded Adequate Protection Payments;~~

            ~~ii.  lender and Debtor enter into a stipulated order providing for alternative treatment of lender's claim; or~~

            ~~iii.  entry of other Order of the Court.~~

    ~~3.  In the event Debtor and Creditor enter into a final Loan Modification Agreement with or without completing the Trial Period, this Chapter 13 Plan shall be amended prior to confirmation or modified after confirmation to reflect the final terms of such Loan Modification Agreement.~~

    ~~4.  The Creditor designated in Paragraph 1 above shall have a lien on all Adequate Protection Payments as set forth in Paragraph 2.c above whether this case is confirmed or unconfirmed. In the event this case is Dismissed or Converted to another Chapter, the Trustee shall distribute the unpaid Adequate Protection Payments to Creditors as soon as practical and before closing the case.~~

    ~~5.  The Chapter 13 Trustee shall not be required to recover any previously paid Adequate Protection Payments or pre-petition arrears distributed pursuant to the above provisions in the event this case is dismissed or converted to another Chapter.~~

**C.  LOAN MODIFICATION AGREEMENT – TRIAL PAYMENT PERIOD**

    In the event Debtor and Creditor enter into a Loan Modification Agreement, hereinafter referred as **LMA**, it is contemplated that Debtor will be required to make monthly mortgage payments for a specified or unspecified Trial Payment Period. This Plan requires the Chapter 13 Trustee to make all Trial Period Payments from the payments received from Debtor(s). In the event that the Trial Payments exceed the amount Debtor(s) are required to pay the Chapter 13 Trustee, the Trustee shall notify Debtor(s) and Debtor's attorney of the new payment amount to successfully complete the monthly Trial Period Payment. In the event such modification adversely affects any other Creditor's payment under this Plan, Debtor(s) must file an amended or modified Plan.

    It is contemplated that a **LMA** may or may not require Debtor to perform a Trial Payment Period as a condition before finalizing the Agreement.

    1.  **LMA** Trial Payment Period entered into BEFORE Confirmation:

        a.  Debtor's Attorney shall immediately notify the Chapter 13 Trustee in writing through e-mail and by phone contact with the Trustee's Mortgage Payment Administrator within 3 business days of finalization of the **LMA** with Trial Period entered into with Creditor.

        b.  Debtors Attorney shall provide a copy of the **LMA** disclosing all of the terms and conditions to the Trustee within 3 business days of finalizing the Agreement.

        c.  Debtor and Trustee shall enter into a Stipulation which shall include all terms and conditions of the **LMA** and Trial Payment authorizing the Trustee to commence making payments to Creditor prior to Confirmation, which shall be approved by the Court.

        d.  In the event Debtors' payments to the Trustee are insufficient to appropriately make the payments as required by the **LMA** – Trial Period Payments, the Stipulation required in Paragraph 3 above, shall adjust for any payments and conditions required by Creditor to successfully complete the Trial Payment Period.

        e.  The **LMA** Trial Payments shall continue to be paid until the Plan is confirmed and shall continue thereafter until such time as the Creditor agrees to the final terms of the modification and the trial period payments have been completed.

        f.  In the event Debtor fails to make the monthly payments to the Trustee in full or is delinquent in any manner, the Chapter 13 Trustee shall not be responsible for the failure of the completion of the terms and conditions of the **LMA**. **The Trustee shall not make any partial payments to this Creditor in the event payments are not sufficient.**

        g.  The Trustee shall make the **LMA** – Trial Period payments on the first day of each month except for the first payment which may be made in advance of the first monthly payment due Creditor pursuant to the terms of the **LMA**.

    2.  **LMA** Trial Payment Period entered into AFTER Confirmation:

a. Debtor's Attorney shall immediately notify the Chapter 13 Trustee in writing through e-mail and by phone contact with the Trustee's Mortgage Payment Administrator within 3 business days of finalization of the LMA with Trial Period entered into with Creditor.

b. Debtors Attorney shall provide a copy of the LMA disclosing all of the terms and conditions to the Trustee within 3 business days of finalizing the Agreement.

c. In the event the LMA – Trial Payment Period monthly payments exceed the Debtors confirmed Plans payments, Debtor shall file a Modified Plan disclosing the new terms and conditions and provide for appropriate payments. Debtors Modified Plan shall clearly state whether taxes, insurance or any other payments are included or excluded from the monthly payments. Debtor shall file the Modified Plan with the Court and provide notice to all Creditors of the date and time for hearing in the event of objection. Debtor may serve either a complete copy of the Plan or Summary of the Plan as contemplated by Bankruptcy Rule 3015 upon all Creditors. Debtor shall immediately commence the increased plan payment to allow for the timely disbursement of the Trial Payments.

d. The LMA Trial Payments shall continue to be paid after confirmation until such time as the Creditor agrees to the final terms of the LMA and the trial period payments have been completed.

e. In the event Debtor fails to make the monthly payments to the Trustee in full or is delinquent in any manner, the Chapter 13 Trustee shall not be responsible for the failure of the completion of the terms and conditions of the LMA. The Trustee shall not make any partial payments to this Creditor in the event payments are not sufficient.

f. The Trustee shall make the LMA – Trial Period payments on the first day of each month except for the first payment which shall be made in advance of the first monthly payment due Creditor pursuant to the terms of the LMA.

**D.    LOAN MODIFICATION AGREEMENT (INCLUDING NO TRIAL PAYMENT PERIOD) - MORTGAGE PAYMENTS MADE BY TRUSTEE**

1. The Debtor's loan modification agreement, hereinafter referred to as **"LMA"**, must be approved by the Court. The LMA will specify the new terms and conditions for the repayment of the original real estate loan.

2. The LMA will set forth the new monthly real estate payment which will include principal and interest and may include escrows for real estate taxes and insurance and other expenses. In some instances the Debtor(s) will be obligated to pay the taxes and insurance directly and not through their lender or Trustee. The LMA will specify the Creditor name and payment address to which monthly real estate payment will be made.

3. The LMA may include step payments to lender that may increase or decrease during the term of the Chapter 13 Plan.

4. Debtor acknowledges and understands that real estate taxes and insurance may increase or decrease during the term of this Chapter 13 Plan which may affect Plan payments to Trustee.

5. If the LMA is approved by the Court, the Debtor will amend or modify this Chapter 13 Plan as needed to provide for the required payments to lender by the Chapter 13 Trustee.

6. In the event Debtor's LMA includes escrow obligations for real estate taxes and/or insurance and other expense and there is a subsequent change in these obligations, lender shall provide reasonable notice to both Debtor and the Trustee of the changes and the new monthly mortgage payment amount. Debtor's Attorney shall also provide the Trustee with notice of any changes.

7. The Chapter 13 Trustee shall disburse the monthly payments to lender on or about the first business day of each month during the term of this Chapter 13 Plan. In the event the Trustee does not have sufficient funds to make a complete monthly mortgage payment, the Trustee shall not disburse any funds to the lender for that month. In summary, no partial payments will be made by the Trustee to mortgagee for Debtor's monthly mortgage obligation.

8. In the event the monthly mortgage payment changes due to a change in the terms of the LMA or a change in the real estate taxes and/or insurance, Debtor authorizes the Trustee to notify the Debtor (by a Trustees directive or otherwise) of the new Chapter 13 Plan payment (which may increase or decrease as the case may be) without formal modification of Debtor's Chapter 13 Plan.

**E.    MISCELLANEOUS PROVISIONS APPLICABLE TO LMA CASES AND CONDUIT MORTGAGE CASES.**

1. Within two (2) months of the completion of Debtor's Chapter 13 Plan, the Trustee may file a motion to determine whether Debtor is current on all obligations required on Debtor's real estate loans paid by and through the Chapter 13 Trustee. In addition thereto, or in the alternative, the Trustee may obtain a statement from the lender which provides for an accounting of all receipts and disbursements made to lender on Debtor's behalf; the current status and condition of the loan, and a statement regarding whether there are any reported or unreported and/or unpaid charges, assessments, or any other expenses of any kind charged against Debtor's account and a current status of principal due, interest and escrows for taxes and insurance. Lender shall provide a copy of the foregoing to Debtor that Debtor may use and rely upon at any time if there is any subsequent dispute over the repayment of the loan or modified loan after Debtor obtains a Chapter 13 Discharge.

2. Lender shall apply all payments made by the Chapter 13 Trustee to principal and interest and if appropriate to taxes and insurance pursuant to 11 USC Section 524(i). In the event there are any other expenses or fees charged by lender against Debtor's loan account not previously mentioned herein, lender shall provide written notice to Debtor and the Trustee within 30 days of the charges made to the account.

3. Within two (2) months of completion of Debtor's Plan, the Trustee shall notify the Debtor and lender of the first date Debtor will resume mortgage payments directly to lender. Lender shall thereafter provide Debtor with monthly mortgage statements and the address where Debtor shall make payments.

4. Upon receiving a Discharge, Debtor shall be deemed current on any mortgage obligation to lender pursuant to the terms and conditions of their LMA and this Chapter 13 Plan.

5.  Nothing contained herein shall affect the Debtor or Trustee from filing a modified Chapter 13 Plan pursuant to 11 USC Section 1329.

**The signatures below certify that the preprinted text of this plan form has not been altered.  Any changes of the preprinted text plan form have been specifically stated in Section VI- Additional Provision.**

Date   **April 6, 2011**

Submitted by:

**/s/ David Krieger, Esq.**
**David Krieger, Esq.**
Attorney

Signature   **/s/ Merlita M Buen**
**Merlita M Buen**
Debtor

